Carder v. Henson

fendants, the order denying defendants' motion to vacate the judgment is

Affirmed.

Judges BRITT and BALEY concur.

ROBERT EARL CARDER v. MITCHELL RAY HENSON AND THOMAS MACK HENSON

No. 7429SC463

(Filed 3 July 1974)

Torts § 7— release of insurer — bar to subsequent action against insured

In an action to recover for personal injuries suffered by plaintiff when defendant struck the rear end of plaintiff's vehicle, the trial court properly directed verdict for defendant where the evidence tended to show that an employee of defendant's liability insurance carrier approached plaintiff in the hospital, plaintiff executed a release in exchange for $2300, plaintiff was well educated and he testified that he had read and understood the release, and there was no showing of fraud which would vitiate the release.

APPEAL by plaintiff from *Webb, Judge,* 14 January 1974 Session of Superior Court held in RUTHERFORD County. Heard in the Court of Appeals on 13 June 1974.

On 29 November 1971, plaintiff was injured in an automobile collision when defendant struck the rear end of plaintiff's vehicle, which had stopped in compliance with an extended stop sign on a school bus. Plaintiff suffered injuries including a fracture of the lumbar spine, a fractured ankle and a lumbar sprain.

While convalescing in the hospital, plaintiff was approached by one Gerry F. Huntley, an employee of Nationwide Mutual Insurance Company, carrier of the liability insurance of the defendant. On 8 December 1971, plaintiff executed a release in exchange for $2,300.00.

Plaintiff later filed a complaint alleging that as a result of defendant's negligence, plaintiff was seriously injured and received permanent injuries. Plaintiff prayed for relief in the

amount of $50,000.00 for personal injuries and $2,000.00 damages for the destruction of his automobile.

Defendants' answer denied plaintiff's allegations and pleaded the release signed on 8 December 1971 in bar of plaintiff's right to recover in this action. Defendants then moved for summary judgment pursuant to Rule 56.

On 16 January 1974, the trial court allowed defendants' motion for summary judgment, dismissed plaintiff's action and taxed the costs of the action against the plaintiff.

Plaintiff appealed to this Court.

*Hamrick and Hamrick, by J. Nat Hamrick, for the plaintiff.*

*Hamrick & Bowen, by James M. Bowen, for the defendants.*

BROCK, Chief Judge.

Plaintiff contends the trial court committed error by signing the summary judgment in favor of the defendants based upon the release executed by the plaintiff.

Plaintiff contends that when he signed the release, he was under the impression that the release was only for: (1) money to enable plaintiff to obtain an automobile; and (2) payment for medical expenses. Plaintiff contends that in response to a question concerning coverage of future medical expenses, he was told by the insurance representative that, "If anything comes up concerning your health, it will be taken care of in the future."

The record reveals that the plaintiff is well educated, having finished high school and completed commercial courses. The plaintiff stated:

"I said I read and understood this Release, and it says, 'and all consequential damages on account of or in any way growing out of any and all known and unknown personal injury, death and property damage,' I read that before I signed it. And I knew it covered personal injury."

Plaintiff has admitted execution of the release, and it is incumbent upon the plaintiff to prove any matter in avoidance. *Matthews v. Hill*, 2 N.C. App. 350, 163 S.E. 2d 7. Plaintiff stated that he "read the release and understood it." From the

facts presented, no fraud is shown which would vitiate the release.

"A release executed by the injured party and based on a valuable consideration is a complete defense to an action for damages for the injuries and where the execution of such release is admitted or established by the evidence it is necessary for the plaintiff (releasor) to prove the matter in avoidance." *Caudill v. Manufacturing Co.*, 258 N.C. 99, 128 S.E. 2d 128.

Plaintiff has failed to plead or offer evidence of any matter which would successfully nullify the release. The trial court properly allowed defendants' motion for summary judgment. The judgment appealed from is

Affirmed.

Judges CAMPBELL and HEDRICK concur.